Citation Nr: 1641966 
Decision Date: 10/31/16 Archive Date: 11/08/16

DOCKET NO. 15-00 691 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cheyenne, Wyoming


THE ISSUES

1. Entitlement to service connection for a left big toe fracture with arthritis.

2. Entitlement to service connection for a left knee injury with arthritis.

3. Entitlement to service connection for a right knee injury with arthritis.


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Veteran



ATTORNEY FOR THE BOARD

Jennifer R. White, Counsel


INTRODUCTION

The Veteran served on active duty with the United States Navy from February 1985 to October 1990. 

This case comes before the Board of Veterans' Appeals (Board) on appeal from a June 2014 rating decision of the Department of Veterans Affairs Regional Office (RO) in Salt Lake City, Utah. 

In March 2015, the Veteran testified before the undersigned Veterans Law Judge at a hearing via videoconference. The hearing transcript is not associated with the record. In a March 2015 letter, the Board notified the Veteran that the hearing transcript was unavailable due to audio malfunctions and offered to provide another hearing, accordance with 38 C.F.R. § 20.717. In a response received in April 2015, the Veteran indicated that she did not wish to appear at another hearing and asked that the appeal be considered on the evidence of record.

The Veteran's claims were remanded in May 2015 for further development. Claims for entitlement to service connection for entitlement to service connection for residuals of in-service tubal surgery, entitlement to service connection for residuals of bowel nick with bowel resection surgery, including as secondary to residuals of in-service tubal surgery, and entitlement to service connection for residuals of cervical surgery with partial cervix removal were granted by an August 2016 rating decision.

The Board notes that an October 2016 informal hearing presentation indicates that a claim for a compensable rating for residuals of a bowel nick with bowel resection surgery is on appeal. As no notice of disagreement concerning the August 2016 rating decision has been submitted, the Board does not have jurisdiction over this claim.

The Board has reviewed the Veteran's electronic claims file maintained in the Veterans Benefits Management System (VBMS) as well as the records in the Virtual VA system to ensure consideration of the totality of the evidence.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The record reflects that the RO attempted to obtain the Veteran's service treatment records, however, the records obtained are incomplete. Included in the records received is a January 1992 entry where it was noted that the Veteran had checked out the "original health and dental to go on annual training. Records were never return. Member transfer to IRR." 

The Veteran indicated in her April 2013 VA Form 21-526 (Veteran's Application for Compensation and Pension) that she had reserve service from October 1990 to November 1992. The Veteran's DD Form 214 shows that she was transferred to the Naval Reserve Personnel Center (NRPC) in New Orleans, Louisiana upon discharge. In August 2015 and December 2015, the RO requested records as ordered by the previous remand. Unfortunately, no response was received. A Board remand confers upon an appellant the right to compliance with that order. Stegall v. West, 11 Vet. App. 268, 271 (1998); D'Aries v. Peake, 22 Vet. App. 97, 105 (2008) (holding that there must be substantial compliance with the terms of a Board remand). On remand, records from NPRC must be requested again.

Additionally, in September 2015, the Veteran submitted some service treatment records (37 pages) concerning her gynecological issues; which is consistent with the January 1992 entry that the Veteran had not returned them to her unit. On remand, the Veteran should be requested to submit copies of ALL of her service treatment records to VA.

Finally, as the Veteran receives continuing VA treatment, updated VA treatment records should be obtained and associated with the claims file.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Request that the Veteran submit all service treatment records in her possession.

2. Obtain updated VA treatment records from the Cheyenne VA Medical Center and all associated clinics, as well as any other VA facility identified by the Veteran or in the record, for the period of June 2016 to the present.

3. Obtain the Veteran's complete service treatment records and service personnel records, in particular, service treatment records, from the Naval Reserve Personnel Center in New Orleans, Louisiana. Once obtained, associate those records with the claims folder.

4. Undertake any other development deemed appropriate, including if necessary, the scheduling of additional VA examinations after the receipt of treatment records. Then readjudicate the issues on appeal. If any benefit sought is not granted, the Veteran and her representative should be provided with a Supplemental Statement of the Case and afforded an opportunity to respond.

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MILO H. HAWLEY 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).